First case up this afternoon. Case number 412-0811-0826 Consolidated, Robrock v. County of Piatt et al. For the appellate is Dana Rhodes and Elizabeth Megley. You're going to be splitting your time. You've told the court about splitting your time? And for the appellate is Glenn Spanko. Who will be speaking first? Ms. Megley you may proceed. May it please the court, counsel. We are here today on a case that has been before this court on a prior occasion. The reason we are back today is to consider the issue in part of subject matter jurisdiction and whether the Piatt County Circuit Court had subject matter jurisdiction of the acres that were other than the acres subject to the original application for special use permit. It seems important to confirm what we are not here about. The appellants do not believe that the trial court had a lack of jurisdiction with respect to the application for special use permit or the ordinance granting the special use permit dated May 12, 2009. The plaintiff's complaint framed the issue before the court. The plaintiff filed a cause of action which asserted under section 5-12012.1 of the county's code that it had a right to obtain de novo review of the action of the Piatt County Board. The Piatt County Board's action was granting the application for special use permit and offering an ordinance granting that special use permit. The plaintiff also filed a cause of action for declaratory judgment pursuant to section 2-701. Under that he requested the court declare the rights of the parties with respect to the propriety of the ordinance and with respect to whether the ordinance was, bared any real and substantial relation to the public health, safety, morals, comfort, and welfare. The plaintiff in their brief indicates exactly what they pled in paragraph 68-69-70 and their prayer for relief in the original complaint. Those items requested that the court consider the ordinance granting the special use permit, the application, and began reviewing some of the LaSalle factors and how the facts at play were related to those LaSalle factors. Again, the appellants have no objection to the subject matter jurisdiction as to that matter, which included 5.5 acres on the application, but it did contain a legal description as to 79.5 acres, which included the 5.5 acres that they requested the RLA be on. Subject matter jurisdiction, any order entered without subject matter jurisdiction is void and without legal effect. The lack of jurisdiction may be raised at any time and is not subject to waiver. The plaintiff spends considerable time discussing Article VI and the original jurisdiction of this court. The important thing to consider with respect to the original jurisdiction of the court is that it is as to all justiciable issues. The court's jurisdiction, however, is not plenary. It's not boundless. The justiciable issue before the court must not be moot, must be appropriate for consideration, right, and touch on the legal relations of the parties with adverse interests. Counsel, I'm not entirely clear, given the order entered by the trial court in this case in June, what the problem is, since the court is following the mandate of this court and that's all it really is able to do. Where did the court err in following the mandate of this court? Your Honor, with respect to the mandate of the court, it is our position that the mandate actually, when reading the opinion as a whole, suggested that because the appellants, my clients, would be able to go back and file a subsequent application, which may take the clear approach zone away from the plaintiff, but the outcome may be different. Because the declaratory judgment remained intact, this in essence suggested an injunctive relief being reversed, but the declaratory judgment makes it almost impossible for the county to consider any subsequent application and grant that because of the scope of the declaratory judgment. What's the scope of the declaratory judgment? The scope of the declaratory judgment as it currently stands is a determination that the use of the Gatros property for RLA purposes is arbitrary. That would be the Gatros property that was subject to the court's prior consideration, correct? It is the property which was defined as 435 acres, 355 acres more than the application. Where did you get that idea from the appellate court order that applied to all the acreage as compared to the 95-odd acres or whatever it was? Well, in this order, 79.5. 79.5, thank you, Justice Stein. Is that what it says? The appellate court's opinion actually says that the permanent injunction should be reversed and should only apply to the 79.5 acres. The court does not specifically say, while it grants the declaratory judgment as to the ordinance, does not specifically... But what was in dispute? Wasn't it the 79.5 acres that was in dispute? Yes. Well, isn't there... what else is there to know then? That is, in essence, the position of the appellants, that the 79.5 acres were the acres in dispute, not the remaining 355 acres which the declaratory judgment currently applies to. That's what the trial judge said, his order of June 12, following our mandate. And in that order, he doesn't say anything about any property other than the 79.5 acre tract, which is consistent with our mandate. So what's the issue here? Well, the order continues to apply the declaratory judgment. Even upon modification, it continues to apply the declaratory judgment to the entirety of the Gaetro's property, which is the 435 acres. Where does it say that? I can't find it. In the order, and I don't have the order right in front of me, Your Honors, but in the order, it reflects that the... It talks about the Gaetro's property. Wouldn't one think, logically, that the Gaetro's property refers to the Gaetro's property that was subject to the prior litigation? Your Honor, I would agree that logically it appears that should only apply to the 79.5 acres. The original order from which the modification is made defines the Gaetro's property as the entirety of the 435 acres owned by my clients. And that's what we said, go back and fix. And I'm looking at the order, and I don't understand where the judge did it. Paragraph 3 is a property description. It says consisting of approximately 79.5 acres. Paragraph 4, twice, excuse me, three times, refers to 79.5 acres. Paragraph 5 refers to 79.5 acres. I think there's two separate orders that are involved. One is the injunction, and one is the declaratory judgment. Correct, Your Honors. Wait a minute, you're saying there's two orders? There's not one order that has declaratory relief and also injunctive relief? The original order entered by the court on June 14, 2011, included two specific orders as to declaratory relief and three as to injunctive relief. That's one order? It is one order. Okay. On remand, the trial court's modified order only spoke with respect to the injunctive portions of the order. It did not modify the order of the trial court with respect to the declaratory judgment in any respect, and so remains the entirety of the 435 acres. Well, that, I think, is an odd position for you to take, since that's not what the prior court order from this court says, nor does that position assist your client. But I guess if that's the position you want to take, I'm not here to argue with you. Your Honors, the position we're taking in this matter is that the only property which should be the subject of declaratory judgment or injunctive relief is 79.5 acres. And isn't that what the prior appellate court Rule 23 order said? The prior appellate court Rule 23 order said that the permanent injunction could not apply to anything but the 79.5 acres. Well, wasn't that because that 79.5 acres was the subject of the litigation? No, Your Honor. What my clients had appealed on the prior appeal was the breadth of the injunctive relief, and that had originally applied to the entirety of the 435 acres. And the prior order didn't make clear that the breadth was too broad, and therefore could only apply to the 79.5? The appellate court order, if that is what you're referring to. That's what I'm talking about. The appellate court order specifically stated that the... Yeah, I know what it stated, but you're disagreeing. That's what it... No. That was a reasonable interpretation? Certainly, Your Honor. So why are we here then today? The position of the appellants... on a part of the ground they own outside of the 79.5 acres? Your Honor, my clients have considered taking that very action. The response we received from the appellee, who continues to object, is that perhaps it is improper for us to be doing that because the declaratory judgment still prevents the county board from determining that the RLA is not arbitrary. There is no reasonable and substantial relation to public health, safety, morals, comfort, and welfare. Did you appeal that portion of the order the first time? Your Honor, the scope of the order, as I understand it, that was appealed at the first appellant's argument, was whether the declaratory judgment was proper as to the 79.5 acres and the breadth of the injunctive relief. But they didn't challenge the breadth of the declaratory judgment. Your Honor, they did not challenge the breadth of the declaratory judgment. However, it's our argument that the subject matter jurisdiction could not have been made, and so it's proper for consideration on this appeal. Thank you. Thank you. Ms. Rhodes? May it please the Court? Counsel? I think, in listening to Ms. Megley's arguments and the comments made by Your Honors, I think we're saying the same thing. It is also the county's position that there were two separate issues on the original appeal. The breadth of the permanent injunction and then, again, the declaratory judgment sought under the de novo review of the county's granting of the special use permit. And it's my, again, I don't have a copy of the order right in front of me either, but it's my recollection that on the order entered by the circuit court in June of 2012, the amended order after the first appeal, the Gay Trust property is defined, well defined, as the entire 435 acres in that order. And the declaratory judgment... Are there two orders from June 12, 2012 entered by the trial court? There's just one order, Judge, but I think, Justice Steinman, but I think there's two different... There's a July 11, 2012 motion to reconsider. Was there an order entered after that? Oh, there's an order. Okay, I see. There is an order, Your Honor. Okay, there's an order modifying it, I guess. Or was there? What was the other order? Justice Steinman, I think I may have stated the wrong date of when it was entered. I think it was entered in maybe the third or fourth week of August of 2012. Okay. And my recollection of that order is that the Gay Trust property is defined as their entire 435 acres. The trial court's order? The trial court's order, yes. And it's my understanding, I think we're kind of on the same page, the spirit of this court's order remanding the case back was just that, that the trial focused only on the 79.5 acres, the evidence focused on that, and this court's order even noted that perhaps the issues raised by the plaintiffs regarding the Clear Approach Zone would be resolved if the Gay Trusts applied for another special use permit for an RLA on another tract. I don't see what's so confusing about that. Well, I think it perhaps is just a clarification. At this point, the order seems to suggest that the county cannot, because of the declaratory judgment that was entered, the county could not entertain another application for a special use permit for an RLA by the Gay Trusts. What bars you from doing that? Well, I guess it's just an interpretation of the trial court's order. It says that, if I recall correctly, declaratory judgment is affirmed and that it applies to the entirety of their property. I think it says in there that the LaSalle factors have been considered and declaratory judgment is entered against the Gay Trust property. And in that order, the Gay Trust property is defined as 435 acres. And then the permanent injunction portion that was reversed by this court was changed to only apply to the 79.5 acres rather than the Gay Trust property defined as the entire 435 acres. Isn't there a problem, though, that nobody raised the issue about the breadth of the declaratory judgment on appeal the first time around? Well, Justice Pope, I think that goes directly to the subject matter jurisdiction. And I don't think there is a problem. What happened is nobody raised it because nobody was placed on notice by the pleadings filed by the plaintiff. The issues framed before the trial court are based on the pleadings filed by the plaintiff. The plaintiff didn't file a nuisance action barring the taking off and landing of a gyroplane from any of the other properties. The plaintiff filed a complaint for de novo review of just the special use permit that only applied to the 79.5 acres. It didn't ask to amend its complaint to add a nuisance count to include the rest of the property, the other 355 some odd acres. And even after the trial, the plaintiff did not ask to amend its complaint to conform with the evidence. And the evidence was really just as to the 79.5 acres. I think there's just a clarification issue in how the county can proceed. And it's possible that if the gatresses do apply for a special use permit for an RLA on a different piece, a different tract outside of the 79.5 acres, that Mr. Robrock will object on the basis of this declaratory judgment because it says as to the gatress property, which is defined as the entire 435 acres. And what the county is seeking is really that the declaratory judgment only apply to the 79.5 acres. And I think what would remedy the situation is if the trial court is directed to define the gatress property in that order as only the 79.5 acres. See, I think you've got a problem maybe with the PILOT jurisdiction over that issue. Because you could have appealed that the first time around and didn't. Well, I think it goes to a subject matter jurisdiction. I always keep saying that, but I think subject matter jurisdiction, you know, on your Belleville, whatever it is, versus Toyota, is saying does the circuit court have the ability to adjudicate claims like this? And the answer is yes. So they had subject matter jurisdiction. I think the answer would be yes if the plaintiff had pled those facts. Counsel, you're wrong on that. You should listen to Justice Pope. This is not a question of subject matter jurisdiction. The court had subject matter jurisdiction. It doesn't make any difference about the pleading. And that's not going to be a prevailing argument. Well, Your Honor, with respect to the issue of the mandate, I think the circuit court in applying the declaratory judgment as to the gatress property is defined as 435 acres. I think that goes beyond the breadth of what this court perhaps intended. But see, here's the thing. It seems to me, you know, I have to look back at our prior order. But I do recall this because I reviewed it before today. The only issue we had a problem with was the over breadth of the preliminary injunction. And that's all we ruled on. And then the court, when it got our mandate, and after hearing your arguments said I'm going to do what the appellate court told me to do. And I think the reason that we only included that finding was because nobody raised the issue about the over breadth of the declaratory judgment. And that was the time to do that. And if that wasn't raised before us, I frankly don't see how we as an appellate court would have jurisdiction now to tell the trial court they have to do something else in addition to what we told them to do. Well, with respect to the subject matter jurisdiction, it seems that the plaintiff could not have filed for a de novo review. The county's ordinance only applied to the 79.5 acres. And his complaint was asking for a de novo review of that. And asking for a declaratory judgment that said the gators must not be allowed to use the RLA, which was only as to those acres. Is it true, though, that by agreement you included the legal description in the declaratory judgment? It seemed to me in looking at the trial judge's comments, he mentions that. And then found it was forfeited. I don't think it was forfeited. I just don't think the defendants in this case were on notice because there were no pleadings as to any of the other acres and alleging that the gators should not be allowed to land and take off from any other acres. It just looked to me like he thought you were relitigating something that you had agreed to and that he wasn't going to allow you to do that with respect to the declaratory judgment. Well, and I just don't think that the defendants were on notice. It would be our position that we weren't on notice that he was asking for relief as to all of the property, just only as to those 79.5 acres. And that's my position as to why it was erased. Can I ask you another question? Why does the county care? Well, I think the county just needs guidance on whether it is completely shut out from considering another special use permit application on a different parcel owned by, you know, outside the 79.5 acres, but yet still in there. So you're trying to head off the problem. Trying to. That's why we're here today. Thank you, counsel. Thank you. Mr. Stanko? Good afternoon. May it please the court. Counsel. Counsel. Justice Pope, you and Justice Turner were both on the panel the first time around, and you basically hit the nail on the head with your comments. The first appeal, which appealed the decision finding that the special use permit ordinance should be invalidated, besides appealing the judge's finding to that effect, it appealed the scope of the permanent injunction, but it did not appeal the breadth or scope of the declaratory judgment. So this court affirmed the declaratory judgment. It affirmed the finding of the trial court that this ordinance violated substantive due process. It could do nothing about the declaratory judgment to invalidate it because the issue wasn't raised. It was only the permanent injunction. This court did narrow the scope of the permanent injunction, sent it back to Judge Freese. That's when the defendants first raised the issue, well, we also need to narrow the breadth of the declaratory judgment. And they suggest that somehow Judge Freese should have implied from your opinion, it was originally a Rule 23 order, by the way, but one of the defendants asked that it be published as an opinion, so it turned out to be a published opinion, but how was Judge Freese to imply in there that he was supposed to do something on remand with respect to the declaratory judgment when this court didn't address it, and the only thing it did address was the permanent injunction, and this court didn't address the declaratory portion of the judgment because it wasn't asked to. This is not a subject matter jurisdiction case, and this case, which is in what I would call the LaSalle realm of cases, has long been a type of case that courts have recognized and entertained and considered and validated or invalidated zoning ordinances under using a specific set of factors. And under our current Constitution, circuit courts get their power from the Constitution, and there are courts of general jurisdiction, unlike it used to be somewhat different prior to 1964 amendments to the old Constitution and then the 1970 Constitution. But clearly the class of cases that this belonged to, courts have subject matter jurisdiction to consider and look at all the LaSalle factors and determine whether or not an ordinance can stand. Well, let me see if I understand your position, Mr. Stanko. The court in its prior decision seemed to indicate that the focus of this litigation was on the 79.5 acres, and in our mandate we said we're affirming in part and reversing in part, but as I understand it, it was directing the trial court to back off from the entire property to the 79.5 acres. Now, is it your position that that only was with regard to the permanent injunction and didn't have anything to do with the declaratory judgment? Right, because no issue was raised about the fact that the declaratory judgment made a declaration with respect to the entire Gatros farm, the 435 acres. They didn't argue that there was any problem with that. So, what order still exists with regards to declaratory judgment? Well, that declaratory judgment is still there. It was affirmed by this court. It's in a, if you want to look at the original judgment order, it's on page 821 of the appendix to my brief. Well, that's where the order starts. If you go to 824, the first two paragraphs of the order itself enters a declaratory judgment finding that the use of the Gatros property for restricted landing area purposes is arbitrary, bears no substantial relations to the public health, safety, morals, comfort, and welfare, etc. And then a further declaratory judgment is entered finding that the special use permit ordinance passed on May 12, 2009 is unconstitutional and invalid as applies to plaintiff's property. So, no, I mean, this order was, the Gatros property was defined in terms of this entire 435 acre farm when it was drafted. And, as I point out... So, Dave, your position is the appeal dealt only with the permanent injunction and not with the declaratory judgment, and that our decision finding that it was overbroad with regard to all this property and limiting it to 79.5 acres affected only the permanent injunction and not the declaratory judgment? Well, the decision with respect... There were two aspects to the appeal. One was the overall finding that this ordinance was unconstitutional and invalid as applied. The second part of the appeal was, okay, if you're going to affirm that, then the scope of the permanent injunction is too broad and you should narrow the permanent injunction to 79.5 acres, which the court did. Not a word was breathed about the scope of the declaratory judgments contained in the original trial court order. Now they're trying to come back and they tried to raise it on remand after you sent it back, after this court sent it back to the trial court to modify the permanent injunction. Now they're trying to appeal saying, well, we think the breadth of the declaratory judgment is too broad as well. So now you need to do something about that. Well, that's said and done. They had their opportunity to appeal it the first time around. The law of the case bars them from bringing it up again. It's not a subject matter jurisdiction issue. Again, you have to look at the class of cases. Subject matter jurisdiction is not dictated by the number of acres that might be involved in the particular matter. So they're just too late. They're trying to get the second bite of the appellate apple is what they're trying to do. To what extent does the June 14, 2011 judgment order still exist given the order that was entered modifying it after our mandate? Well, it's still there, but I think you asked this salient question early on, and you asked, well, what bars you from doing something? I mean, they keep saying that somehow this declaratory judgment impacts something that Mr. Gatros may want to do in the future, but nobody's ever explained to me what that is. Well, bear with me. You're the specter that's got them all scared, Mr. Stanko. I don't know. You're a scary guy. They're hesitant to even take this action because there you are. You know, again, it seems to me that you would have to get an analysis of ratio, decada, and collateral estoppel principles, which nobody's done. I mean, they just kind of throw out there, well, somehow this hinders us, but what is it that hinders them? Obviously, they can't go back on the 79.5 acres because of the injunction. Does that stop them from trying to do something somewhere else? Somebody needs to explain to me or to the court how the declaratory judgment would do that. It certainly gives Mr. Robrock some talking points about what the court found in the original case because, you know, So you're conceding then that they can file a request to the county board for a permit on any of the acreage outside of the 79.5 acres. Nothing stops them from doing that. They've already done it. They've already filed one. I think it's on hold pending this decision, but sure. What is there in the declaratory judgment that would preclude them from doing that? I mean, there isn't. I think counsel's argument was that a reading of the declaratory judgment would be that the unconstitutionality applies to the entire acreage, the 435. I think that's what they were arguing, but you don't agree with that. Well, again, I think the number one, I don't think administrative bodies are bound by principles of res judicata and collateral estoppel necessarily. Number two, I think you'd have to do an analysis under those doctrines to see if it would be prohibitive. But just thinking about collateral estoppel for a minute, I know there's an identical issue requirement in there. So if someone files a new application somewhere else, how is that the identical issue? I guess I would ask that question. Again, they seem to be assuming that the declaratory judgment imposes some barrier, but don't explain it in any legal terms how it does impose a barrier. I don't understand why this case is here, though. It sounds like to me that you don't disagree with what the county and the Gatroses want to do. Well, we don't... I mean, you may oppose it, but not based upon the language from this court's prior order. The trial court's new order entered after the mandate. Right. I think the impact of the declaratory judgment, the legal impact of it, is probably pretty limited. Again, I would have to have somebody explain to me what legal principle would stop them from trying to pursue an application elsewhere. You might argue that when she gets her chance for rebuttal. Well, and you might ask me, Ben, why are you opposing this? Okay, consider yourself asked then. Because we don't think that my client should have to be subjected to piecemeal appeals. They brought it up once. They didn't raise the issue. This court ruled on what it was asked to rule on. It narrowed the scope of the permanent injunction. You authored the opinion, Justice Turner. I recall that. Judge Freese did exactly what you told him to do. There was nothing about the scope of the declaratory judgment. Well, I think he did make a statement that it sounded like the appellate court didn't know what they were doing. A chronic condition. I'm not saying necessarily he was wrong, but I thought I saw that someplace in the transcripts. I interpreted, I think I recall the statement you're talking about, but I interpreted it to mean that he felt that he should follow strictly what he was directed to do. I didn't sense that he thought you didn't know what you were doing. That's a generous interpretation. But a proven one, I think, on your part. But again, the only way that they can get an issue in front of you that they didn't raise before, and that's barred by the law of the case doctrine, is try to jam it into lack-of-subject-matter jurisdiction. And as Justice Polk points out, the Bellville-Toyota line of cases are very reluctant to find a lack-of-subject-matter jurisdiction. I mean, there's things like complete want of jurisdiction, and they talk about disastrous consequences when orders are collaterally attacked, and they talk about labeling requirements in statutory... Let me ask you this, Mr. Stanko. Didn't the court, when it added its order modifying the judgment in response to our mandate, make reference to declaratory judgment in paragraph Roman 2? Declaratory judgment is hereby entered. I think you're looking at the first order, Justice Stanko. Well, I'm trying to find it. There was a second... There's another one? Is there a later one in your... There's one that was filed on June 14, 2011. It's on A21 of modifiers. That was the original one? That was the original one. What about the order modifying it in response to our mandate? How many of those were there? That was just one. That was entered on June 12, 2012. And there's no mention of the declaratory judgment in there. What about Roman 2? Paragraphs 1 through 5 of the judgment order are modified to read as follows. Declaratory judgment is hereby entered for the purposes of the 79.5-acre tract. Maybe you're looking at... Am I looking at the wrong one? This is A71, Exhibit B in the brief of the Gay Crosses in the county of Byatt. Is there a different one or another one? Ms. Feigley says there is. Where is that, Ms. Feigley? Your Honor, there were two exhibits made to the plaintiff's motion for entry of the modified order. Exhibit A, which is what was proposed by the plaintiff. Exhibit B was what was proposed by the plaintiff. You're looking at attachment to my motion to compel motion asking the court to enter the judgment. And Exhibit B, Ms. Feigley is right, Exhibit B is the order that they wanted entered. And which one was chosen by the court? Exhibit A, which is the one that we asked to be entered. Thank you for the clarification. Thank you. Sorry for the confusion. Okay. This is not an easy case to sort out. The court made that clear in its remarks. Is that the... Okay, go ahead, Mr. Steyer. Well, I guess I would conclude by saying that, again, principles of law and the body of law that's built up about when you take an appeal, issues that are decided or issues that could have been raised but weren't decided, that's it. That's your term. You can't come back and try to raise them at a later time. And that's what's happening here. The law of the case doctrine bars them from raising an issue that, for whatever reason, they didn't try to raise in the first instance. And it doesn't work to try to jam it into a subject matter jurisdiction mode because this class of cases clearly is one that the circuit court had subject matter jurisdiction over. In fact, if they're right, everything that's been done through the trial, through our first appearance in the appellate court, up through this appearance here, would be for naught if the court would find that the court had no subject matter jurisdiction. In fact, as soon as they acknowledge that the court had subject matter jurisdiction over any part of this case, they give away the case. The order may have been too broad, but that's avoidable order. That's something that can be fixed just as the permanent injunction was fixed in the first instance. Here, they're asking for five acres, which they didn't even ask for on remand. They've tried to narrow it to 5.5 acres. They didn't even ask for that on remand. They've now tried to narrow it more on appeal, although the county has conceded that it can't go any smaller than the 79.5 acre tract because that is the zoning lot, as it's often referred to, the zoning lot. So it's your position that if they seek to go to seek an injunction beyond the 79.5 acres based upon new evidence, they can't because of the declaratory judgment that's not been changed? No. You said seek an injunction, but I assume you mean seek a new application. Yes. I'm not contesting. I'm not asserting that the declaratory judgment bars them from doing that. What do you think it does? Gives us something to talk about, maybe? Well, what if they do? They're not prohibited from going in and applying, but you might raise it as a sword. I might say, look what the court decided before. And they're going to say, but yeah, but when we appealed the permanent injunction, the appellate court said it only applied to 79.5 acres. Have I figured out a way to argue that it somehow represents collateral estoppel or res judicata as I stand here? No, I haven't. I'd like to, but I don't know where that – I haven't seen that analysis from my opponents. Okay. Thank you. Thank you, counsel. For about all, who's going to be handling that? You, Ms. McGlynn? Okay. Your Honors, briefly, and I know you want me to speak to how it impacts my client's ability to file a subsequent application, but just briefly, I'd like to speak as to the subject matter jurisdiction issue, which in our judgment may be less clear than it appears. Clearly the trial court had subject matter jurisdiction over the causes of action related to the 79.5 acres and the tract that was the subject of the application. What becomes less clear is how they automatically, or kind of magically, obtained jurisdiction over any issues with respect to that remaining 355 acres. The court in Licton considered whether an application or a petition filed under the Parentage Act, which allows consideration of custodial issues, could then allow the court to determine custody at a hearing. The court, when it considered that issue, said, look, you filed your petition as to the Parentage Act and as to whether the child was a biological father. Even though it could have been pled, it wasn't. And the strict confines of the petition are what guide the court as to the breadth of the jurisdiction or the issues that they can consider. In this case, what was before the court, based upon the pleadings, was the issue of the declaratory judgment injunctive relief, the propriety of the ordinance granting the special use permit as to the 79.5 acre tract. Never before the court, never framed by the complaint, was the issue of whether it was improper for there to ever be an RLA on the remainder of the property. The declaratory judgment, in essence, suggests, look, county, you can go ahead and consider this petition. My clients can go ahead and file another application for special use permit. But what it does is it hinders the county in being able to consider those facts as the appellant or appellee, plaintiff, will continue to say, look, the court already determined. There is no set of facts that can ever allow an RLA to be placed on this property. So it creates inefficiencies. It also creates an issue with respect to concern by the county board in granting any future applications because they feel this declaratory judgment now prohibits them from approving them. So how do you answer the question about nobody appealing that part of the order or arguing about that? Justice, I certainly agree that it appears, I wasn't here the last time, but it does appear from the record that no one appealed the breadth of the declaratory judgment. However, it is our argument that the court never had jurisdiction as to issues related to that 435 acres. I don't think the legislature anticipated that what was going to happen is I come in on an appeal from a county zoning decision, and thereafter the court can consider any future special use permit I might bring or any further zoning application I might bring. The court is constrained by the pleadings, and the pleadings only related, as did the majority of the evidence, only related to that 79.5 acres. Was that description provided in the declaratory judgment by agreement? As I recall, the legal description that was actually provided was, and then actually clarified in the modified opinion, was the legal description of the 79.5 acre draft. That was the legal description. The property, though, Gator's property, was generally defined as the 435 acres. And certainly I'm happy to be corrected if that's not the case, but I believe on remand when the order was modified, we corrected the legal description as it now applied only so that the legal description was correct as to the 79.5 acres. Your Honors, it seems also similar to the court saying, look, we have jurisdiction of the parties as to an order of protection case, but they can't go ahead and consider whether the parties should be divorced without pleadings being filed, petitions being made that say, look, the parties seek to be divorced. That is in essence what we're arguing, is that there's no doubt that the circuit court had jurisdiction over the propriety of the ordinance. What never granted them jurisdiction, because it was not ever provided by the pleadings, was that the court actually had jurisdiction to consider the propriety of any other consideration by the county board of a special use permit application on the property outside of that 79.5 acres. Your Honors, we, as a result, we would request that the circuit court be directed to apply the declaratory judgment to only the 79.5 acres. Thank you, Counsel. I think this amendment of advisement will be in recess.